UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| EDDIE E. LOVE, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | Cause No. 3:11-CV-167 JD |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) |  |
| Respondent. | ) |  |

OPINION AND ORDER

Eddie Love, a *pro se* prisoner, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2006 Elkhart County convictions for two counts of dealing in cocaine [DE 1]. The Respondent argues that the petition should be dismissed as untimely [DE 6]. For the reasons stated below, the Court finds that the petition was timely filed.

This petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Love was found guilty and on July 6, 2006, was sentenced to an aggregate term of 18 years in prison [DE 5-1 at 8]. In January 2007, he sought leave to file a belated appeal, which was granted [*Id.* at 8-9; DE 5-2 at 5]. The Indiana Court of Appeals affirmed his conviction and sentence in all respects on October 30, 2007 [DE 5-6]. The Indiana Supreme Court denied transfer on January 3, 2008 [DE 5-2 at 4]. Love filed a petition for post-conviction relief in state court on May 30, 2008 [DE 5-1 at 11], which he withdrew without prejudice on December 30, 2008 [DE 5-1 at 12]. He filed an amended petition on February 18, 2009, which was denied on January 27, 2010 [DE 5-1 at 14, 33]. The Indiana Court of Appeal affirmed the denial of post-conviction relief on January 18, 2011 [DE 5-10], and the Indiana Supreme Court denied transfer on March 17, 2011 [DE 5-3 at 5]. On April 14, 2011, Love tendered his federal petition to prison officials for mailing [DE 1 at 9].

The Respondent argues that the petition is untimely [DE 6]. In the Respondent's view, because Love filed a belated direct appeal, his conviction became "final" for purposes of 28 U.S.C. § 2244(d)(1)(A) 30 days after he was sentenced, rather than after the belated appeal proceedings concluded [DE 6]. This argument has no merit. In *Jimenez v. Quarterman*, 444 U.S. 113 (2009), the U.S. Supreme Court held that when a state grants a criminal defendant the right to file a belated

direct appeal, his conviction is not "final" for purposes of 28 U.S.C. § 2244(d)(1)(A) until the belated appeal proceedings are concluded. As the U.S. Supreme Court recognized, finality cannot attach until the appeals process is completed, since the petitioner's conviction remains "capable of modification through direct appeal to the state courts and to this Court on certiorari review." *Jimenez*, 555 U.S. at 120. Thus, "[t]he statute requires a federal court, presented with an individual's first petition for habeas relief, to make use of the date on which the entirety of the state direct appeal review process was completed." *Id.* at 686. Here, that date was January 3, 2008, when the Indiana Supreme Court denied Love's petition to transfer [*see* DE 5-2 at 4].

An analysis of the other applicable dates indicates that the petition is timely. Love did not seek review in the U.S. Supreme Court after his petition to transfer was denied, and so his conviction became final—and the one-year clock for filing a federal petition began running—when the time for seeking certiorari review expired on April 2, 2008. *See Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009). The limitations period ran for 58 days until Love filed his state post-conviction petition on May 30, 2008, tolling the limitations period under 28 U.S.C. § 2244(d)(2). The federal clock began running again when Love withdrew his state post-conviction petition on December 30, 2008, and another 50 days elapsed before he filed an amended petition on February 18, 2009. The clock remained tolled under 28 U.S.C. § 2244(d)(2) until the state post-conviction proceedings came to a conclusion on March 17, 2011, when the Indiana Supreme Court denied Love's petition to transfer. The clock began running again and ran for 28 days until Love tendered his federal petition to prison officials for mailing on April 14, 2011. In sum, a total of 136 days elapsed on the federal clock before Love filed this petition. The petition was therefore filed well within the one-year deadline contained in 28 U.S.C. § 2244(d)(1)(A).

3

In support of his argument that the Petition was not timely filed, the Respondent relies on *Griffith v. Kentucky*, 479 U.S. 314 (1987).[1] However, *Griffith* is inapplicable. That case held that a new rule for the conduct of criminal prosecutions, such as the rule announced in *Batson v. Kentucky*, 476 U.S. 79 (1986), applies retroactively to all cases that are not yet final, including those pending on direct review; the case did not, however, address the issue of "finality" for purposes of 28 U.S.C. § 2244(d)(1)(A) or otherwise discuss the deadline for filing a federal habeas petition. Indeed, *Griffith* was decided a decade before AEDPA was enacted, and two decades before *Jimenez* was decided. As stated above, *Jimenez* expressly held that when the petitioner is permitted to pursue a belated direct appeal, his conviction does not become final for purposes of 28 U.S.C. § 2244(d)(1)(A) until the belated appeal process is concluded.

Therefore, the Court finds the Respondent's argument regarding timeliness unavailing. Because the petition was timely filed, the Court does not reach the petitioner's arguments in his traverse that he is entitled to tolling of the deadline [*see* DE 8].

For these reasons, the Respondent's request that the petition be dismissed as untimely [DE 6] is DENIED. The Respondent's motion for relief from the order requiring production of the state court record [DE 7] is also DENIED. The Respondent is ordered to brief the merits of the petition and to produce the state court record on or before January 24, 2012.

---

[1] The Respondent also relies on an Indiana case applying *Griffith*. *See Gutermuth v. State*, 868 N.E.2d 427, 434 (Ind. 2007). That case held that a belated appeal does not constitute "direct review" for purposes of the retroactivity rule announced in *Griffith*. The case does not address the issue of finality under 28 U.S.C. § 2244(d)(1)(A), which in any event is a matter of federal law.

SO ORDERED.

ENTERED: November 15, 2011

                                                       /s/ JON E. DEGUILIO
                                       Judge
                                       United States District Court