UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDDIE E. LOVE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 3:11-CV-167 JD |
| | ) |
| SUPERINTENDENT, INDIANA | ) |
| STATE PRISON, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Eddie Love, a prisoner confined at the Indiana State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging two Elkhart County convictions for dealing in cocaine. Love asserts that his trial and appellate counsel were ineffective for not challenging his warrantless arrest as unsupported by probable cause [DE 1 at 3-5], and that his appellate counsel was ineffective for failing to appeal the trial court's alleged abuse of discretion in not granting a mistrial due to a *Brady* violation [DE 1 at 6-7] and failing to argue that as a result of prosecutorial misconduct he was subjected to a violation of the disclosure rule set forth in *Brady v. Maryland*, 373 U.S. 83 (1963) and was wrongfully convicted as a result [DE 1 at 7-8].

On June 15, 2006, the Petitioner was convicted of two counts of dealing in cocaine and was sentenced to concurrent sentences of eighteen years imprisonment [DE 11-1 at 8]. The Court of Appeals of Indiana affirmed Love's conviction after Love challenged the sufficiency of the evidence supporting the convictions [DE 11-4; DE 11-6][1], and the Indiana Supreme Court denied transfer [DE 11-2 at 4][2]. The Petitioner filed a petition for post-conviction relief, claiming that he received

---

[1] *Love v. State*, 875 N.E.2d 830 (Ind. Ct. App. Oct. 30, 2007) (table).

[2] *Love v. State*, 891 N.E.2d 34 (Ind. Jan. 3, 2008) (table).

ineffective assistance of counsel because his trial and appellate counsel failed to challenge his warrantless arrest as unsupported by probable cause and his appellate counsel was ineffective for failing to appeal the prosecutor's failure to disclose *Brady* evidence (that is, buy money which was found in the possession of a person other than Love) and failing to appeal the trial court's alleged abuse of discretion in not granting a mistrial due to the *Brady* violation [DE 11-8]; however, the trial court denied the petition [DE 11-1 at 33; DE 11-10]. The Court of Appeals of Indiana affirmed the denial of post-conviction relief [DE 11-10][3], and the Indiana Supreme Court denied transfer [DE 11-3 at 5][4].

In his first response, the Respondent asserted that the Petitioner did not file his petition for writ of habeas corpus within the statute of limitations established by 28 U.S.C. § 2244(d)(1). This Court rejected that argument [DE 10][5], and ordered the Respondent to file an additional response to Love's petition for writ of habeas corpus. In his second response, the Respondent argues that the Petitioner committed procedural default by failing to adequately present his claims to the Indiana courts and, in the alternative, that the Court of Appeals of Indiana correctly applied established federal law in denying Love relief on his ineffective assistance of counsel claims and that it disposed of his *Brady* claim on an adequate and independent state law ground [DE 12].

## DISCUSSION

This petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA allows a district court to issue a writ of habeas

---

[3] *Love v. State*, 941 N.E.2d 564 (Ind. Ct. App. Jan. 18, 2011) (table).

[4] *Love v. State*, 950 N.E.2d 1202 (Ind. Mar. 17, 2011) (table).

[5] *Love v. Superintendent*, No. 3:11-cv-167, 2011 WL 5552704 (N.D. Ind. Nov. 15, 2011).

corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can only grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is "contrary to" clearly established federal law if it is "substantially different from the relevant precedent" of the Supreme Court. *Mosley v. Atchison*, — F.3d —, 2012 WL 3156316 *4 (7th Cir. Aug. 6, 2012). A federal court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Allen v. Chandler,* 555 F.3d 596, 602 (7th Cir. 2009). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively unreasonable." *Id*.

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

## FAILURE TO EXHAUST

The Respondent argues that the Petitioner did not exhaust his state court remedies on any of the claims he presents in his petition for writ of habeas corpus. 28 U.S.C. 2254(b)(1)(A) provides

3

that a state prisoner's application for a writ of habeas corpus shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Inherent in the obligation to exhaust state court remedies is the duty to fairly present the federal claims to the state courts. *Lewis v. Sternes*, 390 F.3d at 1025 (citations omitted). Fair presentment requires the petitioner to assert his federal claim through one complete round of state court review, either on direct appeal of his conviction or in post-conviction proceedings. *Id.* (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)). Fair presentation also requires that "both the operative facts and the controlling legal principles must be submitted" to the state courts. *Malone v. Walls,* 538 F.3d 744, 753 (7th Cir. 2008) (citation omitted).

Failure to exhaust available state court remedies constitutes a procedural default, barring a federal court from review of the substance of a habeas petition, unless a petitioner can establish cause and prejudice to excuse the default or can establish that failure to consider his claims will result in a fundamental miscarriage of justice. *McGee v. Bartow,* 593 F.3d 556, 565 (7th Cir. 2010) (citation omitted). It is the petitioner's burden to prove exhaustion. *Baldwin v. Lewis*, 442 F.2d 29, 34-35 (7th Cir. 1971).

The Respondent does not dispute that Love submitted all of the issues contained in his habeas petition to the Court of Appeals of Indiana in his appeal from the denial of his petition for post-conviction relief. But the Respondent argues that Petitioner "failed to provide the Indiana Supreme Court with a meaningful opportunity of review with respect to the issue[s] he now raises on habeas." [DE 12 at 6]. According to the Respondent, because Love "merely summarized the issues and holdings from the Court of Appeals of Indiana opinion affirming the denial of post-conviction relief under the heading 'Background and Prior Treatment of Issues on Transfer,'" *id.* at 5-6, as opposed to placing these arguments in the "argument section" of his petition, Love did

4

not raise these claims to the Indiana Supreme Court. *Id*. at 6. Respondent contends that "in the argument section of his petition to transfer" Love argued "only that the evidence supporting his arrest and convictions was insufficient." *Id*. Consequently, according to the Respondent, the claims are procedurally defaulted and habeas review is precluded. *Id*.

To determine whether Love fairly presented his claim, the Court looks at the arguments contained in his brief before the Indiana Supreme Court. *See Malone*, 538 F.3d at 754. Love's petition to transfer from the Court of Appeals' decision affirming the denial of his petition for post-conviction relief [DE 11-11] describes the issues that he believed represented "departure[s] from the law and practice, by the trial court and Court of Appeal[s]," as follows:

> ISSUE ONE:
>
> > Petitioner was denied fundamental due process and a fair trial when trial counsel was ineffective for failing to challenge the existence of sufficient probable cause for petitioner's arrest and charges on February 7, 2006.

*Id*. at 5.

> ISSUE TWO:
>
> > Appellate Counsel was ineffective for failing to raise the issue regarding petitioner's Fourth Amendment Right [surrounding his illegal arrest].

*Id*. at 6.

> ISSUE THREE:
>
> > Appellate counsel was ineffective for failing to raise the issue regarding the trial court's abuse of discretion when it denied a mistrial [on account of a *Brady* violation].

*Id*. at 6.

> ISSUE FOUR:
>
> > Petitioner was denied fundamental due process by the official misconduct of the prosecutor when it pursued charges that were not supported by probable cause, and then concealed exculpatory evidence to gain a wrongful

5

>conviction [and appellate counsel was ineffective for failing to raise this issue on appeal].

*Id.* at 9.

Under each of these headings, Love summarized how the Court of Appeals of Indiana resolved each issue and then presented arguments why, in his opinion, the Court of Appeals was wrong. While it is true that these arguments occurred in the "background" section of Love's brief, in light of the Court's obligation to construe liberally the submissions of Love when he proceeded pro se (as he did in filing his petition to transfer), *see Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009), it is clear that Love was providing his "response" to the appellate court's ruling and asking the Supreme Court to redress the alleged mishandling of these issues [DE 11-11 at 5-11]. The same issues presented by Love today were readily discernible in the state courts; through his first petition for state post-conviction relief and the appeal therefrom Love alerted the state courts, including the highest court, to the nature of his claims and provided the state courts with the opportunity to address the underlying issues.[6] Accordingly, this Court concludes that Love's petition to transfer sufficiently placed the operative facts and the controlling legal principles of his issues before the Indiana Supreme Court to avoid committing procedural default under the fair presentment doctrine.

### INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL FOR NOT CHALLENGING THE PETITIONER'S ALLEGEDLY ILLEGAL ARREST

In ground one of his petition, Love contends that his trial counsel was ineffective for failing to raise a Fourth Amendment challenge to his arrest; and in ground two, he asserts that his appellate

---

[6]Relative to 'Issues Three and Four' as presented on appeal, the Court of Appeals of Indiana determined that Love raised the *Brady* issue under the rubric of ineffective assistance of appellate counsel and not as a freestanding issue [DE 11-10 at 8, fn. 1]. Here too, Love has confirmed that all of the issues he raises are "all couched in counsel's ineffectiveness" [DE 15 at 4]. Further, Love's memorandum makes it clear that he is raising his issues solely in the context of ineffective assistance of trial and/or appellate counsel. *Id* at 4-11. As a result, the Court considers Love's claims in the context of ineffectiveness of counsel.

counsel was also ineffective because he did not raise this issue on appeal even though Love requested that he do so. The Respondent argues that the Court of Appeals of Indiana reasonably concluded that Love failed to meet his burden to establish ineffective assistance of trial and appellate counsel on his claim that they failed to pursue a challenge of his arrest [DE 12 at 7-13].

"The Sixth Amendment entitles criminal defendants to the 'effective assistance of counsel'— that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." *Bobby v. Van Hook*, ___ U.S.___, 130 S.Ct. 13, 17 (2009) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). To establish ineffective assistance of counsel under *Strickland*, Love must show that his counsel's performance was deficient and that the deficient performance prejudiced him. *Davis v. Lambert*, 388 F.3d 1052, 1059 (7th Cir. 2004). *Strickland's* first element requires proof that the petitioner's trial counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. (citing *Strickland*, 466 U.S. at 687). To show deficient performance, the defendant must show "that counsel's representation fell below an objective standard of reasonableness." *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (quoting *Strickland*, 466 U.S. at 688). "This means identifying acts or omissions of counsel that could not be the result of professional judgment. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id*. (citing *Sussman v. Jenkins*, 636 F.3d 329, 349 (7th Cir. 2011)). The court's review of counsel's performance is "highly deferential," and a habeas applicant "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Davis v. Lambert*, 388 F.3d at 1059 (citing *Strickland*, 466 U.S. at 689). The second element of *Strickland*, or the prejudice prong, requires a petitioner to show that trial "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Davis v. Lambert*, 388 F.3d at

7

1059 (citing *Strickland*, 466 U.S. at 687). To establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Eckstein v. Kingston*, 460 F.3d 844, 848 (7th Cir. 2006) (quoting *Strickland*, 466 U.S. at 694); *United States v. Best*, 426 F.3d 937, 945 (7th Cir. 2005) (quoting *Strickland*, 466 U.S. at 694).

A claim of ineffective assistance of appellate counsel is also subject to the *Strickland* analysis. *Howard v. Gramley*, 225 F.3d 784, 789-90 (7th Cir. 2000). To prevail on such a claim, the petitioner must show that appellate counsel's performance was "unreasonably deficient" and that this deficiency resulted in prejudice. *Id.* at 790. On the deficiency prong, the petitioner must show that counsel failed to present a "significant and obvious" issue on appeal without a legitimate strategic reason for doing so. *Id.* On the prejudice prong, the petitioner must demonstrate that if the argument had been raised, there is "a reasonable probability that his case would have been remanded for a new trial or that the decision of the state trial court would have been otherwise modified on appeal."[7] *Id.* (citations omitted).

Failure to satisfy either the performance or the prejudice prong of the *Strickland* test is fatal to a defendant's ineffectiveness claim. *Velarde v. United States*, 972 F.2d 826, 828 (7th Cir. 1992); *see Strickland*, 466 U.S. at 687 (reasoning that "[u]nless a defendant makes both

---

[7]The record shows that Love's appellate counsel delayed Love's direct appeal and failed to initially respond to Love and his family's correspondence concerning the status of his appeal and the issues to be raised on appeal. However, appellate counsel ultimately received permission to file a belated notice of appeal which was granted, and thereafter, appellate counsel actively participated in Love's appeal by filing a brief challenging Love's conviction based on insufficiency of the evidence [DE 11-4]. Love was not actually or constructively denied counsel on his appeal, and therefore no presumption of prejudice is warranted. *See Kitchen v. United States*, 227 F.3d 1014, 1020 (7th Cir. 2000) (a presumption of prejudice is warranted only in the most egregious cases of ineffective assistance, i.e., those in which prejudice "is so likely that case-by-case inquiry into prejudice is not worth the cost") (quotation marks and citation omitted). Love's situation is unlike the situation in which the possible issues on appeal have not even been identified by an advocate, *see id.* at 1021, and therefore, the Court analyzes the case as one where appellate counsel is alleged to have failed to raise particular issues on appeal.

showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.").

In its review of the trial court's denial of Love's petition for post-conviction relief, the Court of Appeals of Indiana properly identified the *Strickland* standard as governing the resolution of Love's claims of ineffective assistance of trial and appellate counsel [DE 11-10 at 5]. However, a Federal court may grant habeas relief if a state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

Accordingly, this Court must determine whether the state court's application of *Strickland* was reasonable. The Court of Appeals of Indiana concluded that:

> Love contends that his trial counsel should have objected to his allegedly illegal arrest, which he seems to claim was carried out without probable cause. Love contends that this alleged lack of probable cause would have necessitated the dismissal of charges against him and his release. Even if we assume, *arguendo*, that Love was illegally arrested, an objection below would not have helped him in the least . . .

[DE 11-10 at 5]. The Court of Appeals reached this conclusion because under state law, lack of probable cause is not grounds for dismissing a charging information, and the legality or illegality of an arrest is pertinent only as it affects the admission of evidence and does not affect the right of the State to try a case and has no bearing upon one's guilt or innocence [DE 11-10 at 6]. *See Engram v. State*, 893 N.E.2d 744, 747 (Ind. Ct. App. 2008). Given that such a challenge would not have helped Love in the trial court, the Court of Appeals concluded that raising the issue would not have helped on appeal either [DE 11-10 at 6].

Here the Indiana court reasonably applied *Strickland* to Love's allegations that his trial and appellate counsel were ineffective for not arguing that his allegedly illegal arrest barred his

9

conviction. Love fails to establish ineffective assistance of counsel because he did not establish that it was objectively unreasonable to fail to raise a meritless argument that an unlawful arrest necessitated the dismissal of the charges against him, nor did Love establish a reasonable probability that but for his counsel's alleged errors the result of the proceeding (his trial or his appeal) would have been different. Because the Court of Appeals of Indiana reasonably applied *Strickland* to Love's Fourth Amendment arrest claim and found it to be unsubstantiated, this ineffective assistance of counsel claim is without merit on habeas review.

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR NOT RAISING
THE DENIAL OF THE PETITIONER'S MOTION FOR A MISTRIAL ON APPEAL BASED
ON ALLEGED PROSECUTORIAL MISCONDUCT CONCERNING *BRADY* VIOLATION

In ground three of his petition, Love asserts that he "was denied fundamental due process and [a] fair and impartial trial when the trial court abused [its] discretion by denying a mistrial" based on the prosecutor's misconduct in not disclosing that another person, Bryant Dandridge, was in possession of buy money used in the February 7, 2006 transaction for which Love was charged [DE 1 at 6]. Similarly, in ground four of his petition, Love contends that he "was denied fundamental due process and a fair trial, by official misconduct of the prosecutor[,] who concealed exculpatory evidence" relative to the "buy money [that] was found on Bryant Dandridge" [DE 1 at 7-8]. In essence, Love believes that the prosecutor violated the *Brady* rule by not disclosing before trial that some of the February 7 buy money was in Dandridge's possession, and that therefore the trial court erred in not granting defense counsel's motion for a mistrial. Love argues in his petition for writ of habeas corpus, as he did before the state courts, that appellate counsel was ineffective for not arguing on appeal that it was an abuse of discretion for the trial court to deny Love's request for a mistrial given the *Brady* violation on behalf of the prosecutor [DE 15 at 8-11].

In its review of this claim, the Court of Appeals of Indiana found that "[f]ollowing the presentation of evidence at trial, Love's trial counsel learned that ten of the twenty dollars from the February 7, 2006, drug deal had been found in the possession of Dandridge" [DE 11-10 at 6], an acquaintance of the Petitioner. Love's trial counsel moved for a mistrial, which the trial court denied. *Id.* The trial court, however, continued the trial for fifteen days to allow for further investigation of how the buy money came to be in Dandridge's possession [DE 11-10 at 6-7]. "When the trial resumed, Love called Dandridge, who testified that he had received the ten dollars from Love when the two were gambling together on February 7, 2006." *Id.* at 7. Love renewed his motion for mistrial at sentencing, which the trial court again denied. *Id.*

The Court of Appeals of Indiana reasoned that Love was arguing that he should have been granted a mistrial under Indiana law because the *Brady* violation put him in grave peril [DE 11-10 at 7]. The Court of Appeals recognized that *Brady* and its progeny apply to the State's failure to disclose evidence that is favorable to the accused and material to the accused's guilt or punishment; however, Love had failed to show that any *Brady* violation occurred—"the disclosure happened before the end of trial, when Love still had the opportunity to make use of it. The trial court continued trial so that Love could investigate Dandridge's evidence, and Dandridge testified on Love's behalf at trial" [DE 11-10 at 8]. The Appellate Court also concluded that "even if the evidence in question had not been disclosed before the end of trial, it was hardly favorable to Love. Dandridge testified that he received the money from Love, which, if anything, tends to show that Love was, in fact, the person who sold the cocaine to the police." *Id.* Ultimately, the Court of Appeals concluded that Love failed to show that raising a challenge to the trial court's denial of a mistrial would have been successful on direct appeal, and therefore, Love failed to show prejudice from appellate counsel's not raising the issue on appeal. *Id.*

The trial record makes clear that the trial court allowed Love ample time to explore the ramifications of the fact that part of the buy money was found in Dandridge's possession. Once the disclosure was made to Love's trial attorney, the trial court granted a continuance and ultimately Love was able to present the testimony of Dandridge at trial. Not only was the information disclosed, but given the continuance of the trial, it was disclosed with sufficient time for Love to prepare his defense. Based on the foregoing, the Court concludes that the State's disclosure cannot be considered a *Brady* violation, (either on it's face or for purposes of the ineffective assistance of counsel claim) and the Court of Appeals of Indiana reasonably applied *Strickland* when it determined that Love did not establish a reasonable probability that but for his appellate counsel's alleged error in not raising this claim on appeal the result of the proceeding would have been different.

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL
FOR NOT CONTESTING THE TRIAL COURT'S ORDER IN LIMINE

Construing Love's petition liberally as this Court must do, *see Wyatt*, 574 F.3d at 459, it appears that within Love's *Brady* claim, he may also be arguing that his appellate counsel was ineffective for failing to appeal the trial court's granting of the prosecutor's motion in limine [DE 1 at 6-9; DE 15 at 8-11]. Notwithstanding the possible failure to exhaust the State remedies, the Court rejects the claim on the merits. *See* 28 U.S.C. § 2254(b)(2).

Prior to Love's trial, the prosecutor moved to exclude, in relevant part, "[t]he introduction of the search warrant or search warrant return served at 403 North 2nd Street, Elkhart, Indiana on February 7, 2006, or any testimony as to findings during the execution of the search warrant." [Appellant's Appendix on Direct Appeal at 55-56]. Arguments were heard on the motion and the motion was granted on May 30, 2006. *Id*. at 4. Love and his defense attorney later learned that some

of the buy money from the February 7, 2006 drug transaction was found on Dandridge, and therefore moved for a mistrial. As previously discussed and rejected herein, Love believes this amounted to a *Brady* violation which should have resulted in a mistrial. But Love may also be arguing that his appellate counsel was ineffective for failing to appeal the trial court's granting of the motion in limine, which kept the jury from hearing that someone other than Love was actually in possession of "buy money" from the February 7 drug transaction. Instead, the jury only learned that Dandridge had received some money from Love that evening while gambling [Trial transcript at 161-66].

However, Love is unable to show that his appellate counsel was ineffective for not challenging the order in limine, because he cannot show prejudice—that there is a reasonable probability that his case would have been remanded for a new trial or that the decision of the state trial court would have been otherwise modified on appeal. *See Strickland*, 466 U.S. at 694; *Howard*, 225 F.3d at 790.

The relevant facts indicate that on February 6 and 7, 2006, a confidential informant supervised by Elkhart police conducted controlled buys of crack cocaine inside a home on Second Street [Trial transcript at 19-63]. Each time, Love sold the informant $20 worth of crack cocaine. *Id*. The first time, Love pulled out a baggie containing about 15 rocks of crack cocaine and told the informant that she could come back any time to buy more crack cocaine; the second time, the police targeted Love as the suspect and the informant went into the home where Love grabbed some empty baggies out of a cabinet, went to another room, and returned with the crack cocaine for the informant. *Id*. The informant had known Love for six or seven months and had contact with him "more than three, but less than 10" times prior to the controlled buys [Trial transcript at 43, 60-61]. The officers involved in the controlled buys testified to monitoring the informant by sight and a

13

hidden body microphone[8] [Trial transcript at 63-104]. The recordings of the drug transactions were also played for the jury. *Id*. On June 15, 2006, a jury found Love guilty of two counts of class B felony dealing in cocaine.

To succeed on the prejudice prong of *Strickland*, Love must demonstrate that had the jury been permitted to learn that Love was not in possession of any buy money but someone else was (or put another way, had appellate counsel contested the order suppressing this evidence), then there is a reasonable probability that Love would have been acquitted or the trial court's decision would have been modified on appeal. However, the primary evidence against Love included the testimony of the confidential informant who twice purchased the crack cocaine from Love, and the officers who monitored both drug transactions. Given the strength of the evidence against Love, the mere fact that Love did not possess any buy money by the time the search was conducted is not evidence sufficient to undermine the confidence in the outcome of the proceedings. In fact, as the Court of Appeals recognized in ruling on Love's *Brady* claim, even if the evidence in question had been disclosed, it was hardly favorable to Love because Dandridge testified that he received money from Love, which, if anything, tends to show that Love was, in fact, the person who sold the cocaine to the confidential informant. Love's convictions resulted from the fact that the prosecutor presented ample evidence of his guilt, not because he was prejudiced by his attorney's failure to contest the order in limine.

---

[8]The case record plainly discloses that prior to Love's arrest, the police both knew Love's identity and had some basis to suspect his involvement in the very crimes with which he was charged and convicted, which refutes any argument by Love to the contrary [DE 15 at 6-7]. *See United States v. Crews,* 445 U.S. 463, 475 (1980).

## CERTIFICATE OF APPEALABILITY

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must consider whether to grant Love a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated in this memorandum, the Court concludes that the Petitioner's ineffectiveness of counsel claims are without merit. Love has failed to make a substantial showing of the denial of a constitutional right, nor has he established that jurists of reason could debate the correctness of these rulings or find a reason to encourage him to proceed further. Accordingly, the Court declines to issue Love a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the court DISMISSES this petition for writ of habeas corpus, DIRECTS the Clerk to close this case; and DENIES the Petitioner a certificate of appealability.

SO ORDERED.

ENTERED: September 10, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court